### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>MANCY COLEMAN and WILLIE MAE WATSON COLEMAN,<br><br>        Defendants. | Case No. 2:25-cv-02587 |

### COMPLAINT IN INTERPLEADER

COMES NOW Reliance Standard Life Insurance Company and for its Complaint in Interpleader states and shows as follows:

### JURISDICTION

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§1331, and 29 U.S.C. §1132(e), as the plan under which Defendants' claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §§ 1001 – 1461 and jurisdiction is also proper in this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. §§ 1335, 1397 and 2361.

### VENUE

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. § 1397 because one or more of the defendants resides in this district.

81193785.v1

## PARTIES

3. Reliance Standard is an insurance company existing under the laws of the state of Illinois, and its principal place of business is located at 1700 Market Street, Suite 1200, Philadelphia, Pennsylvania (Philadelphia County).

4. Mancy Coleman ("Mancy") is an individual who, upon information and belief resides and is domiciled in Topeka, Kansas (Shawnee County).

5. Willie Mae Watson Coleman (Willie Mae) is an individual who, upon information and belief resides and is domiciled in Cypress, Texas (Harris County).

## FACTUAL ALLEGATIONS

6. Reliance Standard delivered group life insurance policy number GL162164 (the Group Policy) to TruGreen Limited Partnership. A true and correct copy of the Group Policy is attached as **Exhibit A**.

7. TruGreen employed George Coleman ("Decedent" or "George Coleman") and he was eligible for coverage under the Group Policy as a benefit of his employment. A true and correct copy of a Proof of Loss Statement completed by a TruGreen representative is attached hereto as **Exhibit B**.

8. Decedent died at his home in Wichita, Kansas on October 13, 2024. A true and correct copy of Decedent's Certificate of Death is attached hereto as **Exhibit C**.

9. Decedent had $144,900.00 in coverage under the Group Policy, consisting of $48,300.00 in basic life benefits and $96,600 in supplemental life benefits. True and correct excerpts from Reliance Standard's database showing the calculated benefits are attached hereto as **Exhibit D** and **Exhibit E**.

10. Decedent designated Mancy as his sole beneficiary. A true and correct copy of TruGreen's email confirming the beneficiary designation is attached hereto as **Exhibit F**.

11. Mancy submitted a claim for benefits. A true and correct copy of Mancy Coleman's claim form is attached hereto as **Exhibit G**.

12. Jackson Mortuary performed Decedent's final services and the invoice for services provided reflects a balance due of $7,937.31. A true and correct copy of the Jackson Mortuary Invoice is attached hereto as **Exhibit H**.

13. Jackson Mortuary assigned its interest to American Funeral Financial, LLC, and Mancy assigned $7,937.31 of any interest that she may have in the Group Policy's life insurance death benefits to American Funeral Financial, LLC. A true and correct copy of the assignment is attached hereto as **Exhibit I**.

14. Mancy also assigned to Maple Grove Cemetery a total of $2,800.00 of any interest that she may have in the Group Policy's life insurance death benefits. A true and correct copy of the Cemetery Assignment is attached hereto as **Exbibit J**.

15. On or about November 7, 2024, Decedent's daughter, Asia Sonoiki, contacted Reliance Standard to state that "Mancy Coleman is not a [beneficiary] on the claim and [that she] has a court order stating that Mancy Coleman is not to [receive] money on GL claim". A true and correct copy of Reliance Standard's claim note documenting the call from "Asia Senoki"[sic] is attached hereto as **Exbibit K**.

16. Reliance Standard has been provided a copy of a "Journal Entry of Judgment and Decree of Divorce" issued by the Eighteenth Judicial District, District Court, Sedgwick County, Kansas, Family Law Department in an action styled: *In the Matter of*

- 3 -

*the Marriage of Mancy Coleman and George Coleman*, Case No. 2022 DM 00917 (the "Divorce Decree"). A true and correct copy of the Divorce Decree is attached hereto as **Exhibit L**.

17. The Divorce Decree states, in part that George Coleman / Decedent "shall receive as his sole and separate property, free and clear of any claim, right, title or interest of Petitioner, the following items of property…) [a]ny and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereon, the proceeds therefrom, and any other rights related to any profit-sharing plan, employee savings plan, accrued unpaid bonuses, 401(k) plan, or other benefit programs existing by reason of Respondent's past, present or future employment… *See* **Exhibit L**, pp. 4-5.

18. On or about October 28, 2024, Willie Mae called Reliance Standard and claimed that Mancy "is not the legal wife" of Decedent. A true and correct copy of Reliance Standard's claim note documenting the call is attached hereto as **Exhibit M**.

19. Willie Mae has alleged that she was Decedent's lawful wife when he died, and that Mancy was never legally married to Decedent.

20. Willie Mae has claimed that she is entitled to the Group Policy's death benefit proceeds.

21. On or about November 12, 2024, Decedent's daughter, Aja Sonoiki, submitted a claim for benefits. A true and correct copy of Aja Sonoiki's claim statement is attached hereto as **Exhibit N**.

22. Sonoiki subsequently signed a Disclaimer, withdrawing any claim of right to the Group Policy death benefit proceeds. A true and correct copy of the Sonoiki Disclaimer is attached as **Exhibit O**.

23. Willie Mae, like Mancy, has assigned to American Funeral Financial, LLC a total of $7,937.31 of her interest in the Group Policy's death benefit and has also assigned to Maple Grove Cemetery a total of $2,800.00 of her interest in the Group Policy's death benefit. True and correct copies of Willie Mae's assignments to American Funeral Financial, LLC and to Maple Grove Cemetery are attached hereto as **Exhibit P** and **Exhibit Q**.

24. Pursuant to both Mancy's assignments and Willie Mae's assignments of their respective interest if any in the Group Policy's death benefit, Plaintiff paid $7,937.31 to the Jackson Mortuary and $2,800.00 to Maple Grove Cemetery. After payment of $7,937.31 to the Jackson Mortuary and payment of $2,800.00 to Maple Grove Cemetery, a total of $134,162.69 death benefit remains payable under the Group Policy.

25. Willie Mae's claim of entitlement to the Group Policy's remaining death benefit conflicts with Mancy's claim of entitlement to the Group Policy's remaining death benefit.

26. Reliance Standard is a neutral stakeholder and takes no position regarding the competing claims.

27. The competing claims have put Reliance Standard at risk of multiple liabilities for the death benefit proceeds payable under the Group Policy.

## COUNT I

## INTERPLEADER ACTION

28. Reliance Standard Life Insurance Company incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

29. Fed. R. Civ. P. 22 and the Interpleader Act, 28 U.S.C. §§ 1335, 1397 and 2361 permit an action for interpleader if the Plaintiff is exposed to double or multiple liability because of competing claims.

30. Willie Mae's claim conflicts with Mancy's claim for the Group Policy's life insurance death benefit as to Decedent.

31. Reliance Standard is unable to determine the proper beneficiary under the Group Policy and is at risk of multiple liabilities because of the competing claims.

32. Reliance Standard is an innocent entity and has in no way colluded with any of the claimants.

33. Reliance Standard claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

34. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the Group Policy's remaining death benefit proceeds are paid to the proper person(s).

**WHEREFORE**, Reliance Standard Life Insurance Company respectfully requests that this Court enter an Order:

(a) directing Reliance Standard Life Insurance Company to deposit the Group Policy's life insurance death benefit proceeds due under the Policy in the amount of $134,162.69 into the registry of this Court, until the issue of entitlement to the Group Policy's life insurance death benefit proceeds is adjudicated;

(b) discharging Reliance Standard Life Insurance Company from any and all liability related to the Group Policy's life insurance death benefit proceeds due under the policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Reliance Standard Life Insurance Company regarding the Group Policy's life insurance life insurance death benefit proceeds due under the policy;

(d) pursuant to 29 U.S.C. § 1132(g), Fed. R. Civ. P. 22, and 28 U.S.C. §§ 1335, 1397 and 2361 and federal common law awarding to Reliance Standard Life Insurance Company its reasonable attorneys' fees, litigation expenses and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

## **DESIGNATION OF PLACE OF TRIAL**

Pursuant to D. Kan. Local Rule 40.2(a), Plaintiff hereby designates the U. S. District Court at Kansas City, Kansas as the place of trial.

Dated: October 9, 2025

Respectfully submitted,

LATHROP GPM LLP

By:  /s/ *Richard N. Bien*
Richard N. Bien (D. Kan. # 70101)
Carrie E. Josserand (KS # 18893)
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
richard.bien@lathropgpm.com
carrie.josserand@lathropgpm.com

ATTORNEYS FOR PLAINTIFF